UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SHENIA LONG, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 5:18-cv-00546-UJH-RDP |
| } | |
| SURGE STAFFING, LLC, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case is before the court on Defendants' Motion to Dismiss. (Doc. # 7). The Motion is fully briefed (*see* Docs. # 7, 10-11), and it is ripe for review. After careful review, and for the reasons explained below, Defendants' Motion (Doc. # 7) is due to be denied.

**I.     Background[1]**

Defendants Surge Staffing, LLC and Surgeforce, LLC jointly own and operate a temporary employment company located in Scottsboro, Alabama. (Doc. # 1 at ¶ 13). Defendants hired Plaintiff in August 2016 as a temporary worker. (*Id.* at ¶ 18). On August 4, 2016, Defendants assigned Plaintiff to a facility operated by Kotobukiya/Treves North America, Inc. ("KTNA"). (*Id.* at ¶ 19).

While working at the KTNA facility, Plaintiff alleges that a KTNA employee, Gustavo Torres, sexually harassed her. (*Id.* at ¶ 20). Specifically, Torres exposed his bare chest to Plaintiff, "wagged his tongue at Plaintiff in a sexually provocative manner," and expressed that

---

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving the Motion to Dismiss under Rule 12(b)(6), the court treats the facts alleged in the Complaint (Doc. # 1) as true.

he wanted to have sex with Plaintiff, among other actions. (*Id.* at ¶¶ 21-25). On August 11, 2016, Torres told Plaintiff that she would not advance at the facility unless he approved it. (*Id.* at ¶ 26). Plaintiff reported Torres' conduct to another KTNA employee and a KTNA human resources representative. (*Id.* at ¶¶ 27-28). KTNA's human resources representative directed Plaintiff to discuss the harassment with the branch manager of Defendants' Scottsboro office, Tina McLain. (*Id.* at ¶ 29).

Plaintiff provided McLain with a written statement, expressed her desire not to return to KTNA, and asked about other available job opportunities. (*Id.* at ¶¶ 30-31). McLain told her that no other opportunities were available and suspended her while the investigation into her complaint was pending. (*Id.* at ¶¶ 32-33). Thereafter, Plaintiff called Defendants' Scottsboro office and inquired about available assignments. (*Id.* at ¶ 36). Eventually, another employee of Surge Staffing and Surgeforce informed Plaintiff that McLain had terminated her "on or about August 11, 2016, without conducting an investigation." (*Id.* at ¶ 37).

In November 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Surge Staffing and KTNA. (Doc. # 1-1). In January 2018, the EEOC issued her a right-to-sue letter. (Doc. # 1-2 at 2). In this action, Plaintiff raises one claim of retaliation under Title VII of the Civil Rights Act for her termination. (Doc. # 1 at ¶¶ 40-46).

**II.    Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule

8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

3

### III. Analysis

Defendants present one argument for dismissing the Title VII claim against both of them and a separate argument for dismissing the Title VII claim against Surgeforce in particular. Both arguments are unavailing.

#### A. Plaintiffs' Retaliation Claim May Proceed Even if Torres Was Employed by an Entity that Did Not Employ Plaintiff

Defendants first argue that Plaintiff's Title VII claim fails because she has not alleged that Torres or KTNA employed her. (Doc. # 7 at 4-5). They contend that her report regarding Torres' sexual harassment was not a report of an unlawful employment practice for purposes of Title VII because she lacked an "employment relationship" with KTNA or Torres. (*Id.* at 5). Based upon the allegations in Plaintiff's Complaint, the court disagrees.

Title VII prohibits employers and employment agencies from discriminating against any individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In this case, Plaintiff alleges that she engaged in protected opposition conduct when she reported Torres' sexual harassment to McLain. (Doc. # 1 at ¶¶ 30-31, 43-45). Defendants' argument that Torres could not have committed sexual harassment prohibited by Title VII is contradicted by the EEOC's sexual harassment regulations. "An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action." 29 C.F.R. § 1604.11(e). Plaintiff plausibly alleges that (1) Torres sexually harassed her, (2) she subjectively and reasonably believed that the sexual harassment violated Title VII, (3) she reported the harassment to

Defendants, who employed her, but (4) Defendants terminated her and conducted no investigation of the harassment, rather than taking corrective action. (Doc. # 1 at ¶¶ 21-26, 30-31, 37, 43-46). Therefore, Defendants' first argument for dismissal is without merit.

### B. Plaintiff Has Sufficiently Pled Administrative Exhaustion of Her Claim Against Defendant Surgeforce

In the alternative, Defendants argue that Surgeforce should be dismissed from this case because it was not named in Plaintiff's November 2016 EEOC charge. (Doc. # 7 at 5). "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994). Such a party can be sued in a Title VII action, though, if the purposes of Title VII's administrative exhaustion requirement have been fulfilled. *Id.* at 1358-59. To determine whether a defendant who was not named in the EEOC charge is a proper defendant in a Title VII suit, the court considers the following factors, among others:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Id.* at 1359. The court also may consider whether the scope of the investigation that would reasonably grow out of the plaintiff's EEOC charge would naturally encompass the unnamed defendant. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 650 (11th Cir. 1983) (affirming dismissal of a Title VII claim where it was unclear whether the EEOC investigation would have included certain defendants). This issue often is decided at summary judgment, after the parties have been allowed to conduct discovery and present evidence on the *Virgo* and *Hamm* factors. *Jones v. Nippon Cargo Airlines Co.*, No. 1:17-cv-1589-TWT-JKL,

2018 WL 1077355, at *6 (N.D. Ga. Jan. 12, 2018), *adopted*, 2018 WL 1071166 (N.D. Ga. Feb. 27, 2018).

Here, Plaintiff alleges facts that weigh in favor of allowing her claim against Defendant Surgeforce to proceed. Plaintiff asserts that both Surge Staffing and Surgeforce employed her in August 2016 and that they jointly owned and operated the Scottsboro office. (Doc. # 1 at ¶¶ 13, 16). Accordingly, both Defendants had similar interests in Plaintiff's EEOC charge. *Virgo*, 30 F.3d at 1359. Additionally, since Defendants jointly owned and operated the Scottsboro office, it is reasonable to believe that the EEOC's investigation into the November 2016 charge would have encompassed Defendant Surgeforce as well as Defendant Surge Staffing. *See Hamm*, 708 F.2d at 650. To be sure, Plaintiff's Complaint includes no allegations that help the court determine whether she could have ascertained Surgeforce's involvement in her termination, Surgeforce received adequate notice of the EEOC charge, Surgeforce had an opportunity to participate in reconciliation, or Surgeforce was excluded from the EEOC proceedings and prejudiced for that reason. *Cf. Virgo*, 30 F.3d at 1359. However, the court is mindful that administrative exhaustion is a condition precedent to a Title VII suit that may be pled generally, as Plaintiff has done in Paragraph 8 of her Complaint. *Nodd v. Integrated Airline Servs., Inc.*, 41 F. Supp. 3d 1355, 1361-63 (S.D. Ala. 2014). Therefore, at this stage of the proceedings, Defendant Surgeforce's argument for dismissing the Title VII claim against it is due to be denied.[2]

## IV. Conclusion

For the reasons explained above, Defendants' Motion to Dismiss (Doc. # 7) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

---

[2] Of course, the court expresses no opinion on whether Defendant Surgeforce ultimately will be entitled to summary judgment on this basis.

**DONE** and **ORDERED** this August 17, 2018.

                                                          _____
                                                          **R. DAVID PROCTOR**
                                                          UNITED STATES DISTRICT JUDGE